# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER V. KIM<br>NELYA K. MIKHAYLOVA<br>DMITRY MIKHAYLOV, by and through his parents and next friends Alexander v. Kim and Nelya K. Mikhaylova<br>3021 Creek Falls Way<br>Duluth, GA 30097<br><br>      Plaintiffs<br><br>v.<br><br>JEFF SESSIONS, U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001<br><br>KIRSTJEN M. NIELSEN, Secretary of the Department of Homeland Security<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Washington, DC 20528<br><br>L. FRANCIS CISSNA, Director of U.S. Citizenship and Immigration Servs.<br>Office of the Chief Counsel, USCIS<br>20 Massachusetts Ave NW, Room 4025<br>Washington, DC 20529<br><br>DENISE M. FRAZIER, Director, USCIS<br>Atlanta District Office<br>2150 Parklake Drive NE<br>Atlanta, GA 30345<br><br>CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation<br>Office of the General Counsel, FBI<br>935 Pennsylvania Ave NW, Room 7427<br>Washington, DC 20535<br><br>      Defendants | No. _____<br><br>Agency Nos. A207-484-253<br>                     A207-484-252 |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND WRIT OF MANDAMUS

## INTRODUCTION

This is an action for declaratory and injunctive relief, writ of mandamus, order to compel, and other relief, brought as a result of Defendants' unlawful, unreasonable, and extraordinary delays in adjudicating Plaintiffs' immigrant visa petitions (Form I-130) and adjustment of status applications (Form I-485).

Plaintiff Alexander V. Kim ("Kim") is a citizen of the United States. Plaintiff Kim has petitioned on behalf of his wife, Nelya K. Mikhaylova ("Mikhaylova") and their disabled son, Dmitry Mikhaylov ("Mikhaylov"), to be classified as immediate relatives for immigration purposes and to become lawful permanent residents. Plaintiff Nelya K. Mikhaylova has applied to adjust status to that of a lawful permanent resident on behalf of herself and her disabled minor child Dmitry Mikhaylov. While USCIS initially scheduled and conducted an interview on Kim's visa petitions and Mikhaylova's adjustment applications per standard procedure, the agency has delayed adjudication on the case since the uneventful interview for a significant period of time. As a result, Plaintiffs have been robbed of their statutory right to be unified in the United States as a family, and Mikhaylova has been deprived of accumulating time towards becoming a naturalized U.S. citizen. The delay and deprivation of the rights are taking place solely because of the bureaucratic failings and callous inaction of the USCIS and/or the FBI.

As a result of agency failure to adjudicate Plaintiffs' two petitions and applications, Plaintiffs have been unable to secure a private medical insurance policy for their disabled son, expended their time, money, and other resources on unnecessary extensions for work

authorization and permission to travel, on unnecessary renewals of Mikhaylova's driver's license, have been unable to engage in unrestricted travel and travel without fear of exclusion, have been unable to accumulate time towards applying for U.S. Citizenship, and have suffered other harm, some of which is irreparable.

Plaintiffs seek, *inter alia*, declaratory and injunctive relief to require Defendants to adjudicate Plaintiffs' petitions and applications within the time periods prescribed by law, and ask that the Court declare the agencies' delays and the policies and practices behind those delays (such as deliberate failures to set deadlines) to be in violation of immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause of the Fifth Amendment to the United States Constitution. The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiffs' I-130/I-485 immigrant petitions and adjustment applications.

Plaintiffs are eligible to seek reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq*.

## JURISDICTION AND VENUE

1.	This Court's jurisdiction over this matter lies pursuant to 28 U.S.C. 2201 *et seq.* (declaratory judgments), 28 U.S.C. 1331 (federal question), 5 U.S.C. 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in cases of unreasonable delay), and 28 U.S.C. 1361 (authorizing issuance of mandamus). Relief is requested pursuant to said statutes.

2.      Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District.

## ALLEGATIONS OF FACT

**Plaintiffs**

3.      Plaintiff Kim is a citizen of the United States residing within the above-named District Office of the USCIS, who has petitioned on behalf of his wife and disabled son to be classified as his immediate relatives and become lawful permanent residents of the Untied States.  Kim's petition on behalf if his disabled son has not been adjudicated for over three (3) years and his petition on behalf of his wife has not been adjudicated for over one (1) year.

4.      Plaintiff Mikhaylova is a citizen of Russia residing within the above-named District Office of the USCIS, who has applied for permanent residency under the Immigration and Nationality Act (INA), and whose adjustment application has not been adjudicated for over a year.

5.      Plaintiff Dmitry Mikhaylov is a disabled minor child (*see* footnote 1 *infra*), who has applied for permanent residency under the Immigration and Nationality Act (INA) and whose adjustment of status application has not been adjudicated for over three (3) years.

**Defendants**

6.      All Defendants are officials of the United States government and its agencies acting under color of law with respect to the matters referenced herein.

7. Defendant Jeff Sessions is the Attorney General of the United States and is sued in his official capacity. Defendant Sessions is responsible, *inter alia*, for administering and enforcing the immigration and naturalization laws of the United States, for overall supervision of the functions of the Department of Homeland Security (DHS) and United States Citizenship and Immigration Services (USCIS), as well as for prescribing regulations by which a person can become a naturalized citizen.

8. Defendant Kirstjen M. Nielsen is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Defendant Nielsen is generally charged with implementing the Immigration and Nationality Act (INA) and is authorized to delegate powers and authority to subordinate employees of the DHS. Defendant Beers is responsible for implementing the provisions of the INA under which lawful permanent residents are naturalized as United States citizens.

9. Defendant L. Francis Cissna is the Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the Immigration and Nationality Act, including processing and adjudicating I-130 immigrant visa petitions and I-485 adjustment applications. Defendant Cissna is responsible for overall supervision of the functions of the USCIS, including the processing and adjudication of applications for naturalization. Defendant Cissna is sued in his official capacity.

10. Defendant Denise M. Frazier is the Director of the Atlanta District Office of the USCIS, and is responsible for administering and enforcing the INA, including the processing and adjudication of visa petitions and adjustment applications by applicants

residing within the Atlanta metropolitan area. Defendant Frazier is sued in her official capacity.

11. Defendant Christopher Wray is the Director of the Federal Bureau of Investigation (FBI), a government agency responsible, *inter alia*, for background investigations and "supervisor review" of persons who have applied for adjustment of status under the INA. Upon requests by USCIS, the FBI performs "supervisor review" and other background checks for all applicants for adjustment of status. Defendant Wray is sued in his official capacity.

**Plaintiffs' Petition and Applications, and Defendants' Failure to Act**

12. On or about December 8, 2014, Plaintiffs filed two family-based I-130 petitions and two I-485 adjustment applications. **Exh B**. The I-130 immigrant visa petitions were filed by Kim as the petitioner on behalf of his wife Mikhaylova and his disabled son Mikhaylov. The I-485 adjustment of status applications were filed by Mikhaylova on behalf of herself and as the mother and next friend of Dmitry Mikhaylov, a 6-year-old disabled minor at the time.[1] The two immigrant visa petitions and two adjustment applications are hereafter collectively referred to as "family case."

13. Almost a year later, while the family-based case was still pending, Plaintiffs inquired of the USCIS, by counsel, about the reasons their case was outside the standard processing times. On November 11, 2015, Plaintiffs received a response stating: "Due to

---

[1] Dmitry Mikhaylov has permanent brain damage and is unable to walk without an assistive device such as a wheelchair. **Exh. A**.

workload factors not related to your case, USCIS anticipates a delay in completing your case." **Exh. C**.

14. In the subsequent weeks and months, Mikhaylova and her disabled son were compelled to apply for extensions of their work and travel authorizations to avoid abandonment of their adjustment applications. Mikhaylova was also compelled to apply and re-apply for a new driver's license approximately every six months.

15. On or about April 8, 2016, while the family case was still pending, Mikhaylova, on her own, traveled to Cancun, Mexico, for the weekend.

16. Upon her return on or about April 10, 2016, she was allowed entry and paroled into the United States, and was also requested to return for secondary inspection on June 9, 2016.

17. Upon her return on June 9, 2016, for and completion of secondary inspection, Mikhaylova was paroled in the United States for another year. Mikhaylova's Form I-94 (arrival/departure record) was updated to reflect June 9, 2016 as her most recent date of entry and "DA" (presumably "Derivative Adjustment") as her most recent Class of Admission. **Exh. E**.

18. On or about April 19, 2016, Mikhaylova re-applied for permanent residency.[2]

---

[2] At the time of the April 2016 three-day trip, Mikhaylova's work and parole authorization, unbeknownst to her, had expired just a few days ago. To avoid waiting for an indefinite period of time for a decision ultimately denying her adjustment application on the grounds of abandonment, Mikhaylova and her husband withdrew her I-130/485 case and immediately re-applied by filing a new I-130 visa petition and I-485 adjustment application, along with applications for employment authorization and advanced parole. USCIS receipt notices for Mikhaylova's re-flied I-130/I-485 are attached hereto as **Exh. D**.

19. Dmitry Mikhaylov's I-130 and I-485 petition and application remained pending at the time of Mikhaylova's re-filing (and remains pending today).

20. On August 5, 2016, USCIS scheduled Kim and Mikhaylova for a combined I-130/I-485 interview, to be conducted on September 10, 2016. **Exh. F**.

21. Both spouses appeared at the September 10, 2016 interview and completed the interview. At the conclusion of the interview the spouses were told by the interviewing officer that everything was good in their case and that they would receive a decision shortly, upon review of the case by the officer's supervisor.

22. When the spouses pointed out that their son's case was pending but that Dmitry was not mentioned in the interview notice, the officer responded that there was no need for Dmitry to appear and that Dmitry's case would be included in the final supervisor review.

23. Upon the conclusion of the interview, the spouses were given a written USCIS notice informing them that no further documentation was needed and that their case was being held for additional review. A copy of that notice is attached hereto as **Exh. G**.

24. In April 2017, while the family case was still pending, Kim and Mikhaylova made an "infopass" appointment with the Atlanta District Office of the USCIS to inquire in person about the status of their case. The appointment was scheduled for May 3, 2017. **Exh. H**.

25. On May 3, 2017, the spouses attended an infopass appointment and were told by a USCIS information officer that their case was still pending and that no time line can be provided with respect to when they can expect a decision.

26. On September 10, 2017, a year had passed since the spouses had completed the family case examination interview. To date, the USCIS online system is showing status for Mikhaylova as "scheduled for [an] interview." **Exh. I**.

27. None of the Plaintiffs has any criminal record in the Untied States or any other country.

28. Upon information and belief, an FBI check may be required to complete a supervisor review such as the one undertaken in this family case.

29. While Plaintiffs' family case has been pending at the USCIS, Plaintiffs have several times applied for a private medical insurance policy for Dmitry Mikhaylov, and were denied such a policy on the grounds that Dmitry's immigrantion status was less than that of a lawful permanent resident.

30. As a result of said private medical insurance policy denial, Plaintiffs have had to expend significant monetary resources to maintain Dmitry's ongoing treatment necessitated by his permanent disability.

**Plaintiff's Exhaustion of Administrative Remedies**

31. Plaintiffs have exhausted their administrative remedies. Plaintiffs have also submitted the documents that establish his eligibility for family reunification and permanent residency of non-citizen family applicants.

## FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT

32. Plaintiffs re-allege and incorporate herein all the preceding paragraphs.

33. Defendants are officials of federal administrative agencies covered by the Administrative Procedure Act (APA), 5 U.S.C. 551 *et seq.* and 706 *et seq.*

34. Defendants have a policy, pattern, and practice of failing to adjudicate family-based visa petitions and adjustment applications of certain applicants within 180 days and/or within a reasonable time because of years-long delays in "supervior review"

35. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of family-based petitions and applications of certain applicants because of years-long delays in "supervisor review."

36. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "supervisor review" with the full knowledge that the completion of such review is required to adjudicate the visa petitions and adjustment applications of persons such as Plaintiffs.

37. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "supervisor review" and taking all other reasonable steps necessary to complete the adjudication of petitions and applications of persons such as Plaintiffs.

38. Defendants have a policy, pattern, and practice of requiring "supervisor review" for adjudication of petitions and applications of persons such as Plaintiffs despite the absence of any statutory or regulatory authority for such review.

39. Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiffs' immigrant visa petitions and adjustment applications.

40. Defendants have failed to act on and adjudicate Plaintiffs' petition and application for a period exceeding 180 days.

41. Defendants have failed to act on and adjudicate Plaintiffs' petitions and applications within a reasonable time.

42. Defendants' failure to process and adjudicate Plaintiffs' family-based case over three years with respect to Plaintiff Mikhaylov and for over a year with respect to Plaintiff Mikhaylova constitutes an unreasonable delay and unlawful withholding of agency action in violation of the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

43. Defendants' over a years' delay on Plaintiffs' family case is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

44. Defendants' failure to timely complete a "supervisor review," with the full knowledge that such review is required to adjudicate the family-based case, violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

45. Defendants' failure to set deadlines for completing "supervisor review" and to take all other reasonable steps necessary to complete the adjudication of Plaintiffs' family-based case violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

46. Defendants' policy and practice of requiring "supervisor review" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA.

47.     As a result of Defendants' policies, practices, actions, and omissions, Plaintiffs have suffered injury and continue to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

## SECOND CLAIM FOR RELIEF: FAILURE TO DISCHARGE A MANDATORY MINISTERIAL DUTY

48.     Plaintiffs re-allege and incorporate herein all the preceding paragraphs.

49.     Plaintiffs have a clear right to the relief sought, namely, that Plaintiffs' petitions and applications would be processed and adjudicated by Defendants within a reasonable time in accordance with the INA and the APA.

50.     Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiffs' petitions and applications within a reasonable time.

51.     Defendants have failed to discharge their clear ministerial duty.

52.     Defendants' over 3 years' delay on Plaintiff Mikhaylov's petition and application is not reasonable whether or not the disabled minor poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

53.     Defendants' over 1 years' delay on Plaintiff Mikhaylova's petition and application is not reasonable whether or not she poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

54.     Defendants' over 3 years' delay on Plaintiff Kim's petition on behalf of Mikhaylov and their over 1 years' delay on Kim's petition on behalf of Mikhaylova are not reasonable whether or not Mikhaylova and her son Mikhaylov pose any risk to U.S.

national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

55. Absent a writ of mandamus or an affirmative injunction compelling Defendants to promptly process the two petitions and two applications, Plaintiffs have no other adequate remedy, whether at law or in equity, to redress the violation of their rights.

56. Defendants have a policy, pattern, and practice of failing to adjudicate petitions and applications of certain applicants within 180 days of the date of examination interviews because of years-long delays in the processing of "supervisor review."

57. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of petitions and applications of certain applicants because of years-long delays in the processing of "supervisor review."

58. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "supervisor review" with the full knowledge that the completion of such review is required to adjudicate petitions and applications of persons such as Plaintiffs.

59. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "supervisor review" and taking all other reasonable steps necessary to complete the adjudication of petitions and applications of persons such as Plaintiffs.

60. Defendants have a policy, pattern, and practice of requiring "supervisor review" for adjudication of petitions and applications of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such review.

61. Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiffs' petitions and applications.

62. Defendants have failed to act on and adjudicate Plaintiffs' petitions and applications for a period exceeding 180 days.

63. Defendants have failed to act on and adjudicate Plaintiffs' petittions and applications within a reasonable time after conducting an examination interview of Plaintiffs.

64. Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 2 years constitutes an unreasonable delay and unlawful withholding of agency action, warranting a writ of mandamus or an affirmative injunction.

65. Defendants' several years' delay on Plaintiffs' two petitions and applications is not reasonable whether or not Plaintiffs pose any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

66. Defendants' failure to timely complete a "supervisor review," with the full knowledge that such reviews are required to adjudicate petitions and applications such as those involved herein, violates the APA, is unreasonable and unlawful, and warrants a writ of mandamus.

67. Defendants' failure to set deadlines for completing "supervisor review" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's petitions and applications violates the APA, the INA, is otherwise unlawful, and warrants a writ of mandamus or affirmative injunction.

68. Defendants' policy and practice of requiring "supervisor review" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA and a warrant a writ of mandamus or affirmative injunction.

69. It is therefore appropriate for this Court issue a writ of mandamus compelling Defendants to process Plaintiffs family case consisting of two petitions and two applications within a reasonable period of time, such as 30 days.

### THIRD CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS CLAUSE

70. Plaintiffs re-allege and incorporate herein all the preceding paragraphs.

71. Defendants, insofar as relevant herein, acted and failed to act with respect to Plaintiffs under color of law.

72. Defendants have a policy, pattern, and practice of failing to adjudicate petitions and applications of persons such as Plaintiffs within 180 days of the date of the examination interview because of years-long delays in conducting "supervisor review."

73. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of petitions and applications of certain persons because of years-long delays in the processing of "supervisor review."

74. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "supervisor review" with the full knowledge that the completion of such review is required to adjudicate petitions and applications of persons such as Plaintiffs.

75. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "supervisor review" and taking all other reasonable steps necessary to complete the adjudication of petitions and applications of persons such as Plaintiff.

76. Defendants have a policy, pattern, and practice of requiring "supervisor review" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such review.

77. Defendants have applied the above policies and practices to unlawfully withhold and unreasonably delay action on Plaintiffs' family case.

78. Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiffs' family case.

79. These actions and omissions by Defendants violate Plaintiffs' rights to due process of law.

80. Defendants' over one and over there years' delay on Plaintiffs' family case violates Plaintiffs' rights to due process of law and is not reasonable whether or not Plaintiffs pose any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiffs' interests.

81. As a result of Defendants' actions, omissions, policies, and practices, Plaintiffs have suffered and are continuing to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

**PRAYER FOR RELIEF**

82. Based on the foregoing, Plaintiffs respectfully request that this Court:

    a. Assume jurisdiction over this matter;

    b.    Order Defendants to promptly adjudicate the currently pending Plaintiffs' two immigrant visa petitions and two adjustment applications within a period not to exceed 30 days after this Court's order;

    c.    Issue a declaratory judgment holding unlawful: (a) failure of Defendants to adjudicate Plaintiffs' family case within one year, within three years, and within a reasonable time; (b) failure of Defendants to complete "supervisor review" for over one year and within a reasonable time; (c) failure of Defendants to set deadlines and take all necessary steps to adjudicate Plaintiffs' family case within 180 days of Plaintiffs' examination interview and within a reasonable time of said interview; (d) Defendants' policy, pattern, and practice of delaying and withholding agency action family cases and applying such to delay and withhold agency action on Plaintiffs' petitions and applications; (e) Defendants' policy and practice of requiring "supervisor review" without proper authority and rule-making proceedings and applying such requirement to prevent Plaintiffs' family case from adjudication and completion for over three years and/or for over one year;

    d.    Award reasonable attorney fees and costs pursuant to, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

    e.    Grant any and all further relief this Court deems just and proper.

Respectfully submitted,

      */s/ Gregory Bryl*
Gregory Bryl, Esq.
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
DC Bar # CO0047

*Attorney for Plaintiffs*